**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| HOWARD W. CURTIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 09-00971-CV-SJ-DGK |
| ) | |
| v. ) | |
| ) | |
| CONSUMER SUPPLY DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court are the parties' Motions in limine. Docs. 46-47. The Defendants' Motion contains five requests for exclusion and the Plaintiff has opposed two of these requests. Doc. 51. The Plaintiff's Motion contains one such request, to which the Defendants have not responded. The Court issues the following orders.

**A. Defendants' Motion**

The Defendants seek to exclude any evidence, testimony or comment regarding their insurance coverage. The Plaintiff did not respond to this portion of the Motion. The Federal Rules of Evidence are clear that evidence of insurance coverage is inadmissible to show liability, but can be admissible for another purpose "such as proof of agency, ownership, or control, or bias or prejudice of a witness." F.R.E. 411. It is not clear whether there would be an applicable "other purpose," but with this caveat in mind, the Defendants' first request is GRANTED.

The Defendants seek to exclude arguments that they could have undertaken an independent medical examination of the Plaintiff. The Plaintiff did not respond to this portion of the Motion. Federal Rule of Civil Procedure 35 allows for physical or mental examination of a party whose condition is in controversy. The fact that the Defendants did not choose to take

1

advantage of this or other opportunities to examine the Plaintiff's medical condition is not relevant and arguments based on it are therefore improper. The Defendants' second request is GRANTED.

The Defendants seek to exclude "hearsay statements made by physicians or other health care providers." The Defendants cite to Rule 805's proscription against hearsay within hearsay or "double hearsay." While it is certainly true that each level of hearsay must fall within an exception or exemption in order to be admissible, the Defendants' only specific reference is to statements made in medical records which are not covered by the same exception as the records themselves. The Court takes this request under advisement for future ruling.

The Defendants seek to exclude evidence of future medical treatment which is not "reasonably certain to occur." Specifically, the Defendants anticipate that the Plaintiff will offer evidence of his future need for replacement of one or both knees. The Defendants assert that the Plaintiff's expert, Dr. John Sojka, stated that the Plaintiff "may require" these surgeries depending on the level of pain and the Plaintiff's desires. The Defendants further claim that the Plaintiff has stated that he doesn't want future knee surgeries. Missouri law is clear that future medical expenses must be "reasonably certain to occur" to be compensable as damages. *Lesch v. United States,* 612 F.3d 975, 982 (8th Cir. 2010) (quoting *Thomas v. FAG Bearings Corp.,* 846 F. Supp. 1400, 1408 (W.D. Mo. 1994)). Whether or not any particular future medical expense is "reasonably certain to occur" is a fact question. The Plaintiff bears the burden of proof and the jury will decide what compensable damages he has sustained, in the event that they find that the Defendant(s) liable. The Defendants' arguments regarding future medical treatment go to the weight rather than admissibility of evidence, and this request is therefore DENIED.

Finally, the Defendants seek to exclude reference to the financial situations of the parties, citing their concern that the Plaintiff may testify as to his inability to pay for certain treatments. The Plaintiff did not respond to this portion of the Motion. Whether or not the Plaintiff can afford treatment is not relevant to whether the Defendants are liable for his injuries or whether any particular expense is compensable as damages. The Missouri Supreme Court has recognized that poverty is generally not relevant in a suit for damages. *Pyles v. St. Louis Pub. Svc. Co.,* 372 S.W.2d 114, 116 (Mo. 1963). Accordingly, this request is GRANTED.

### B. Plaintiff's Motion

The Plaintiff's only request for exclusion deals with evidence that the Plaintiff received compensation from workers' compensation or any other "collateral source." The Defendants did not respond to the Plaintiff's Motion. Missouri law is clear that evidence of collateral source payments is inadmissible. *Smith v. Shaw,* 159 S.W.3d 830, 832 (Mo. 2005) (noting that the rule "prevents a tortfeasor from reducing his liability to an injured person by proving that payments were made to the person from a collateral source"). The Plaintiff's Motion is GRANTED.

**IT IS SO ORDERED**

Dated: March 11, 2011                          /s/ Greg Kays
                                                                       GREG KAYS,
                                                                         UNITED STATES DISTRICT COURT